UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: WINDSOR WOOD CLAD
WINDOW PRODUCT LIABILITY
LITIGATION

MDL No. 16-MD-02688

This Document Relates to All Cases

## PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Cathy L. Ritchie, Anthony Schiller, Steve Libsack, Eric Koty, Stacy Koty, John George, Thomas Davia, Jeanne Davia, Shawn S. Gengler, Todd Forster, Maria Forster, Walter Clark, Stephanie Clark, Charles Pledger, and Gina Pledger ("Plaintiffs") and Defendants Windsor Window Company and Woodgrain Millwork, Inc. (collectively, "Windsor" or "Defendants") have entered into a Settlement Agreement dated December 21, 2017, ("Settlement Agreement") to settle the above-captioned litigation; and

WHEREAS, the Settlement Agreement, together with its exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the litigation; and

WHEREAS, the parties have jointly filed a Motion for Preliminary Approval of Class Settlement and Approval of Notice Plan ("Preliminary Approval Motion"); and

WHEREAS, Plaintiffs have filed an Unopposed Motion for Preliminary Certification of a Settlement Only Class ("Certification Motion"), which Windsor is not opposing solely for the purpose of settlement and pursuant to the terms of the parties' Settlement Agreement;

WHEREAS, the Court, having read and considered the Settlement and its exhibits, the Motions, the pleadings, and other papers on file in this action, and statements of counsel,

THE COURT HEREBY FINDS that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

**Preliminary Approval of the Settlement Agreement**

1. The Court preliminary approves the Settlement Agreement dated December 21, 2017, for the purposes of providing notice of the Settlement to the Settlement Class and deciding whether to grant final approval to the Settlement.

**Preliminary Certification of Settlement Class**

2. The Court preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(b)(3) that the Settlement Class is appropriately certified for settlement purposes only. The Settlement Class is defined as follows:

> All individuals and entities in the United States who are previous, current, or subsequent owners of a structure with Qualifying Windows.

Excluded from the Settlement Class are the following categories of individuals: (i) Defendants and their owners, subsidiaries and affiliates; (ii) Windsor's distributors and/or dealers; (iii) counsel of record in the MDL and Transferred Actions and their immediate family members; (iv) the judges who are or have been assigned to the MDL and Transferred Actions and their immediate family members; (v) any individual or entity that has previously settled disputes with Defendants that would otherwise be governed by the Settlement Agreement and for which there is a written settlement agreement, nor does the Settlement Class include any individual or entity that has asserted a claim in court or arbitration against Defendants and has had the claim dismissed with prejudice; and (vi) any individual or entity that timely opts out of the Settlement Class in accordance with the provisions in § VIII.A of the Settlement Agreement.

2

3. Defendants shall retain all rights to assert that the litigation may not be certified as a class action except for settlement purposes. If the Settlement Agreement is terminated or is not consummated for any reason, the certification of the Settlement Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights to propose or oppose any and all certification issues.

4. The Court appoints the plaintiffs named above as representatives of the Settlement Class.

5. The Court appoints the following attorneys to act as Plaintiffs' Settlement Class Counsel pursuant to Rule 23(g) for settlement purposes only:

> Daniel K. Bryson
> Matthew E. Lee
> Whitfield Bryson & Mason LLP
> 900 W. Morgan Street
> Raleigh, NC 27603

6. The Court finds, for purposes of preliminary approval and settlement only that: (a) members of the Settlement Class are so numerous as to make joinder of all members of the Class impracticable; (b) there are questions of law and fact common to members of the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the Settlement Class: and (d) the Settlement Class Representatives and Plaintiffs' Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class.

7. Pursuant to Rule 23(b)(3), the Court finds, for purposes of preliminary approval and settlement only, that questions of law and fact predominate over any questions affecting individual members of the Class, and that a class action settlement is superior to other available methods for fairly and efficiently adjudicating the controversy.

8. Pursuant to Rule 23(d) and (e)(l), the Court finds that it is appropriate to provide notice of the settlement to the Settlement Class, as well as to provide members of the Settlement Class notice of their right to exclude themselves from the Settlement.

9. The Court finds that the proposed settlement is within the range of possible approval to warrant providing notice to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement on <u>July 6, 2018 at 11:00 a.m.</u>

10. The Court preliminarily approves the method of allocation and distribution of the settlement benefits as described in the Settlement Agreement. The Court also preliminarily approves the terms and conditions specified in the Settlement Agreement that govern to what extent Windsor will pay the costs of notice and administration, and any attorneys' fees, litigation expenses, and/or service awards awarded by the Court.

## Approval of Notice Plan and Schedule

11. The Court has reviewed and hereby approves the Notice Plan designed by Epiq Systems, Inc. (the "Notice Plan"), attached as Exhibit C to the Settlement Agreement. The Court finds that the notice to be provided to the Settlement Class as set forth in the Notice Plan is the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, 28 U.S.C. § 1715, and due process.

12. The Court appoints Epiq Systems, Inc., as Settlement Administrator, which shall provide notice to members of the Settlement Class in accordance with the terms and conditions of this Order and the Settlement Agreement. Such notice shall be accomplished in a manner

consistent with the Settlement Agreement and with the Declaration of Cameron Azari submitted together with the motion for preliminary approval ("Azari Declaration").

13. The Court has reviewed and approves the Short Form Notice and Long Form Notice. Without material alteration from Exhibit B to the Settlement Agreement, (1) the Short Form Notice shall be mailed to members of the Settlement Class as set forth in Section V of the Settlement Agreement, and (2) the Long Form Notice shall be available on the settlement website.

14. The Court approves the creation of the settlement website, which shall include, at a minimum, copies of the Settlement Agreement, and Long and Short Form Notice for viewing or download. The settlement website shall be maintained in accordance with the provisions of the Settlement Agreement.

15. The Court approves the establishment of a call center for inquiries by members of the Settlement Class as described in the Settlement Agreement.

16. The Court orders the Settlement Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications.

17. The Settlement Administrator shall begin implementing the Notice Plan no later than ten (10) days after this Preliminary Approval Order, by which time it shall: a) begin the process of mailing direct notice to the Settlement Class; b) establish and make available online the Settlement website; c) begin the process of establishing and commencing operation of the call center; and (d) perform media buys of advertising space in accordance with the Notice Plan.

18. The Court finds that the proposed Notice Plan (i) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; (ii) fairly and adequately describes the terms and effects of the Settlement Agreement; (iii) fairly and

adequately describes the date by which Plaintiffs' Class Counsel must file the motion for final approval and motion for award of attorneys' fees and expenses; (iv) fairly and adequately describes the method and date by which any member of the Class may object to or comment upon the Settlement or exclude themselves from the Class; (v) sets a date by which Plaintiffs' Class Counsel may respond to any objections to the Settlement; (vi) provides notice to the Class of the time and place of the fairness hearing; and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law, including but not limited to Fed. R. Civ. P. 23 and the due process clause of the United States Constitution.

**Filing and Administration of Claim Forms**

19. To participate in the settlement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

    a. Settlement Class members who wish to receive benefits from the Settlement must timely mail or electronically submit a properly executed claim form in the form attached as Exhibit D to the Settlement Agreement ("Claim Form") to the Settlement Administrator at the address indicated in the notice.

    b. Each Claim Form shall be accompanied by all documentation required for the benefit(s) selected.

    c. Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall make an initial review for completeness. If a submitted claim is incomplete, the Settlement Administrator will notify the Settlement Class Member, Settlement Class Counsel, and Windsor's counsel with a detailed explanation of the deficiency or deficiencies. If a submitted claim is determined by the Settlement

6

Administrator to be complete, the Settlement Administrator will transmit the completed claim to Windsor for initial claim determination.

  d. Windsor shall notify claimants if a filed claim is approved or denied, whether in whole or in part.

  e. There shall only be one claim per Qualified Structure.

  f. If Windsor denies a claim in whole or in part, the Claimant may appeal the denial to Epiq within 30 days from the date of such denial by sending a letter of five (5) or fewer pages to Epiq ("Notice of Appeal"). Epiq will decide the appeal. The appeal process is governed by and set forth in full in Section VI.B.4. of the Settlement Agreement.

  g. All members of the Settlement Class who do not submit timely Claim Forms, or who submit Claim Forms that are deficient or otherwise disallowed in whole or in part and not cured, shall be barred from participating in the Settlement (except to the extent that a Claim may be partially allowed) but otherwise shall be bound by all of the terms of the Settlement Agreement; and

  h. Each member of the Settlement Class who submits a Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Settlement) be bound by all the terms and provisions of the Settlement Agreement.

20. Any member of the Settlement Class who wishes to submit a Claim Form shall do so in accordance with the procedures set forth in this order and the settlement agreement, pursuant to the following schedule:

| EVENT | DATE |
| --- | --- |
| *Deadline to Postmark and Send Claim Form* | January 5, 2019 |

**Requests to be Excluded from the Settlement**

21. Any member of the Settlement Class who wishes to exclude himself or herself from the Class must comply with the terms set forth in the Settlement Agreement and Notice of Settlement of Class Action. To be considered timely, a request for exclusion must be mailed to the Settlement Administrator, pursuant to the schedule below.

| EVENT | DATE |
| --- | --- |
| *Deadline to Postmark and Send Notice of Exclusion* | April 16, 2018 |

22. Any request of exclusion shall conform to the form attached to the Settlement Agreement as Exhibit E.

23. Any Settlement Class member who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the release.

24. The Court enjoins all Settlement Class members—unless and until they timely exclude themselves from the Settlement Class—from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant. or member of the class in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based any Released Claim; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class members who

8

have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on any Released Claim; (iii) pursuing, in whole, in part, or in any way any Released Claims or any claim that otherwise arises out of or relates in any way to Qualifying Windows, subject to the terms in the Settlement Agreement, including Sections II.Q. and X thereof; and (iv) attempting to affect opt-outs of individuals or a class of individuals in any lawsuit (including this one) or administrative, regulatory, arbitration, or other proceeding based on any Released Claim.

25. The Settlement Administrator shall provide the Opt-Out List to Plaintiffs Class Counsel and counsel for Windsor no later than forty-five (45) days before the Fairness Hearing, and then file with the Court the Opt-Out List with a declaration attesting to the completeness and accuracy thereof no later than thirty (30) days before the Fairness Hearing.

## Objections to Settlement

26. Any member of the Settlement Class who objects to the Settlement Agreement shall file a written objection pursuant to § VIII.B of the Settlement Agreement, with a written copy delivered to Settlement Class Counsel and Windsor's counsel, pursuant to the schedule below.

| **EVENT** | **DATE** |
|---|---|
| *Deadline to File, Postmark, and Send Objections (Either by ECF or by U.S. Mail, first class)* | May 7, 2018 |

27. The written objection must comply with the following requirements:

    a. Objections must include: (i) the objector's name, address, and telephone number; (ii) the caption of the MDL; (iii) the number and types of Qualifying Windows on the objector's property; (iv) the location of such windows; (v) documentation identifying the date of

purchase or installation of the Qualifying Windows (e.g., sales receipt or contractor invoice), or the product identification of the Qualifying Windows; and (vi) documentation (e.g., title, deed, tax bill, mortgage bill) verifying ownership of the property in which the Qualifying Windows are installed; (vii) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to introduce in support of the objection; (viii) state whether the objector intends to appear at the Final Approval Hearing and what witnesses and exhibits, if any, (s)he/it intends to present at the hearing. (If the objector intends to call witnesses, the objection must summarize in detail the anticipated testimony of all such witnesses. If the objector intends to introduce exhibits, all exhibits must be attached to the objection.); and (ix) state whether an objection is made through legal counsel.

      b.      Any class member who files an objection must agree to make themselves available for a deposition by Class Counsel and Windsor's counsel between the time the objection is filed and a date no later than five days before the Final Fairness Hearing and the objection must include the dates when and locations where the objecting class member will be available to be deposed.

      c.      If an objection is made through legal counsel, the Notice of Objection shall, in addition to the information required above, include the identity and number of the Settlement Class Members represented by objector's counsel. If the attorney intends to seek fees and expenses from anyone other than the objectors (s)he/it represents, the attorney shall also file with the Court and serve upon Class Counsel and Defense Counsel a document containing the following: (i) a description of the attorney's legal background and prior experience in connection with class action litigation, including the previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney

for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate.

28. The failure to timely file and serve a Notice of Objection will result in the waiver of the right to object to the Settlement in the future, and a Class Member who does not timely file a Notice of Objection shall be forever barred from making any objection to the Settlement and may not raise any objection at the Final Approval Hearing.

### Fairness Hearing

29. The Court orders that a Fairness Hearing shall be held on <u>July 6, 2018 at 11:00 a.m.</u>, before the undersigned to consider (a) whether the Settlement Class should be finally certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the dismissal with prejudice of the Litigation as to Defendants, and the entry of final judgment; and (c) whether Settlement Class Counsel's application for attorneys' fees, expenses, and incentive award for the Settlement Class Representatives should be granted and (d) whether to approve the proposed plan of allocation and distribution of the settlement proceeds.

30. The Court orders Settlement Class Counsel to file with the Court any memoranda or other materials in support of final approval of the Settlement and any Fee Petition pursuant to the schedule set forth below.

| **EVENT** | **DATE** |
| --- | --- |

| | |
|---|---|
| *Motions for Final Approval, Attorneys' Fees and Expenses, and Service Awards to be Filed by Class Counsel* | June 6, 2018 |
| *Responses to Motions for Final Approval, Attorneys' Fees and Expenses, and Incentive Awards Due* | June 22, 2018 |
| *Replies in Support of Motions for Final Approval, Attorneys' Fees and Expenses, and Incentive Awards Due* | June 29, 2018 |
| *Final Fairness Hearing to be Held* | July 6, 2018 |

31. The date and time of the Final Fairness Hearing shall be set forth in the notice to be disseminated pursuant to this order and the Notice Plan, but shall be subject to adjournment by the Court without further notice other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

32. Upon final approval, each and every term and provision of the Settlement Agreement shall be deemed incorporated into the Final Order and Judgment as if expressly set forth therein and shall have the full force and effect of an Order of the Court.

33. When this Order directs that papers, briefs, objections, notices and other documents be served upon Class Counsel and Windsor's counsel, service shall be made to the attorneys listed below by ECF or by United States Mail, first class, addressed as follows:

<u>Settlement Class Counsel</u>

Daniel K. Bryson
Matthew E. Lee
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, North Carolina 27603

<u>Windsor's Counsel</u>

Michael P. North
Sarah E. Bushnell

12

ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214

**Status of Litigation and Settlement**

34. All discovery and other pretrial proceedings in this action are stayed and suspended, pending the Effective Date of the Class Settlement, except for such proceedings as are provided for in the Settlement Agreement, or which may be necessary to implement the terms of the settlement, Settlement Agreement, or this Order. Pending final approval, no Settlement Class member, either directly, representatively, or in any other capacity (other than a Settlement Class member who validly and timely elects to be excluded from the Settlement Class) shall commence, continue or prosecute against any or all Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon final approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding.

35. Upon final approval, all Settlement Class members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Parties from any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

36. In the event the settlement is terminated, the settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Settlement Class Plaintiffs or Defendants.

37. Defendants have denied Plaintiffs' claims and all liability. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by any Defendants, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by any Released Party in connection with any action asserting Released Claims.

**SO ORDERED.**

Dated: January 5, 2018                                   /s Lynn Adelman
                                                         LYNN ADELMAN
                                                         District Judge

14

Case 2:17-cv-00013-LA    Filed 01/05/18    Page 14 of 14    Document 27